ORDERED in the Southern District of Florida on Jan 29, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                    Case No. 07-13423-BKC-JKO

JULIE ANNE CARLSON,                       Chapter 7

    Debtor.
_____/

### ORDER DENYING TRUSTEE'S MOTION TO EXTEND
### DEADLINES TO OBJECT TO CLAIMED EXEMPTIONS
### AND TO FILE COMPLAINT OBJECTING TO DISCHARGE

This case is before me on the sixth motion [DE 63] filed by Robert A. Angiera, as counsel to the chapter 7 trustee, Kenneth A. Welt (the "Trustee"), seeking to extend the deadline for the filing of an objection to the Debtor's claimed exemptions and to extend the time for the filing of a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727. Because the Trustee has failed to state any cause for the requested relief, the motion will be denied.

The Debtor filed her chapter 7 petition on May 8, 2007. The meeting of creditors under 11 U.S.C. § 341 was held on June 8, 2007. Mr. Angiera took the Debtor's examination under Federal

Rule of Bankruptcy Procedure 2004 on June 20, 2007. Thereafter, Mr. Angiera filed motions seeking extension of the deadlines for the filing of a complaint objecting to the Debtor's discharge and for objecting to the Debtor's claimed exemptions on June 21, 2007 [DE 30], August 7, 2007 [DE 42], September 7, 2007 [DE 48], October 7, 2007 [DE 55], and November 7, 2007 [DE 60]. Each of these motions was granted.

Finally, on January 6, 2008, the Trustee filed his sixth such motion [DE 63], seeking an extension of the respective deadlines by yet another 60 days, until early March 2008. The statement for the basis for the requested relief is as follows:

> 3. The Trustee requires additional time in which to investigate the financial dealings of debtor, the current market value of claimed exemptions and other responsibilities of the Trustee pursuant to 11 U.S.C. § 704.
>
> 4. The undersigned conducted a Rule 2004 Examination of the Debtor on June 20, 2007 and requested numerous documents and information that has not been provided. The Trustee cannot finalize his investigation of the exemption and discharge issues in this case until the documents and information that has been requested is provided. In addition the undersigned and debtor's counsel are attempting to reach a global settlement of all pending issues in the case and need additional time to try to finalize a settlement.
>
> \*\*\*
>
> 7. F.R.B.P. 9006(b) provides that the Court may, for cause shown, before expiration of the time originally prescribed or as extended, enter an order enlarging time. For the above reasons, good cause has been demonstrated.

The motion [DE 63] now before me, the sixth such motion in a case in which very little else has happened of record, was set for hearing on January 28, 2008. Neither Mr. Angiera nor anyone else appeared. Instead, and without notifying the Court that he did not intend to appear,[1] Mr.

---

[1] I am perfectly willing to remove settled matters from the calendar. All that a party has to do is to advise my courtroom deputy that the matter has been resolved and that an agreed order will be submitted – which of course does not guarantee that I will enter the order submitted.

Angiera uploaded an order by CM/ECF which purported to grant the motion.[2]

Objections to a debtor's claim of exemptions are governed by Rule 4003(b). Under that Rule, an objection to exemptions must be filed within 30 days after the § 341 meeting of creditors is concluded or within 30 days after any amendment to the debtor's schedules is filed, whichever is later. "The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension." Rule 4003(b)(1).

The deadline for the filing of a complaint objecting to a debtor's discharge in a chapter 7 case must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4004(a). The time for the filing of such a complaint may be extended as provided in Rule 4004(b): "On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." Thus, extensions of time to object to a debtor's claimed exemptions or to file a complaint seeking a determination that a debtor not receive a discharge may be granted only on a showing of "cause."

Although a debtor's failure to respond to discovery requests may constitute "cause" for a brief extension of the deadlines under Rules 4003 or 4004, *In re McCormack,* 244 B.R. 203 (Bankr. D. Conn. 2003), it is difficult to fathom how informal discovery requested in June 2007 – and as to

---

Simply uploading an order and not showing up at a scheduled hearing is not professionally acceptable behavior.

[2]That proposed order was submitted as an "agreed order," presumably pursuant to an agreement reached between Mr. Angiera and the Debtor's lawyer, Robert F. Elgidely. Extensions of deadlines under Rules 4003(b) and 4004(b) may be granted only by the court; the debtor cannot simply agree with a creditor or the trustee that the time for objecting to exemptions or to discharge may be extended. *Dombroff v. Greene,* 192 B.R. 615 (S.D. N.Y. 1996).

which no formal request to produce or motion seeking to compel production has been filed – could constitute "cause" for further extensions of deadlines in January 2008, let alone extensions of those deadlines through March 2008. The Debtor's alleged failure to produce documents informally requested seven months ago is the sole "cause" alleged by the Trustee for the extensions now sought. I conclude that no legally sufficient showing of "cause" has been made. Since the Trustee has the burden of showing "cause" for the extension of the relevant deadlines and has failed to carry that burden, the motion [DE 63] must be denied under the express requirements of Rules 4003(b) and 4004(b).

Based upon the foregoing, it is ORDERED that the Trustee's motion [DE 63] is DENIED.

### 

Copies furnished by CM/ECF to:

Robert A. Angiera, Esquire
Kenneth A. Welt, Trustee
Robert F. Elgidely, Esquire
Raymond V. Miller, Esquire
John C. Brock, Esquire
Stephen G. Powrozek, Esquire
Office of the U.S. Trustee