UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:                                                :         CASE NO.: 07-13423-JKO
                                                      :
JULIE ANNE CARLSON,                                   :         CHAPTER 7
                                                      :
    Debtor.                                           :
_____/

## MOTION TO COMPEL THE DEBTOR TO TURNOVER DOCUMENTS

COMES NOW, Kenneth A. Welt, as the Chapter 7 Trustee of the case captioned above and files this Motion To Compel the Debtor to Turnover Documents.

1. The debtor filed a voluntary petition under Chapter 7 on May 8, 2007.

2. Kenneth A. Welt is the duly appointed Trustee in the case.

3. On June 20, 2007, the Debtor appeared for a Rule 2004 Examination (hereinafter "the Exam").

4. As of March 3, 2008, the Debtor has not provided certain documents that were requested before, during and after the Exam.

5. During the Exam, the debtor testified that she held an interest in a checking account with City National Bank, account number xxxx5616.  We requested a copy of the bank statement for this account that would reflect the balance as of May 8, 2007 (date of fling). The Debtor stated that she would provide this by June 22, 2007 and to date, she has not provided the requested statement.

6. During the Exam, the debtor testified that a 2006 Jeep Grand Cherokee Laredo financed by Chase Auto Finance was titled under her name alone.  We requested a CarMax appraisal of this vehicle and the actual payoff on the debt as of May 8, 2007. To date, the Debtor has not provided the information that was requested.

Case No.: 07-13423-JKO

7. The debtor listed her miscellaneous household goods in Schedule B, item 4 at $5,000.00. During the Rule 2004 Examination, the debtor testified that she paid the Atlas moving company $8,000.00 to move her furnishings from Minnesota to Florida. Based on the Debtor's testimony, the Trustee requested a copy of the Bill of Lading (or other documentation) that would reflect the items that were moved as well as the related insurance documents. To date, the Debtor has not provided the information that was requested.

8. During the Exam, the Trustee requested a copy of any cancelled checks, deposit slips and any other documentation that would explain the source of the following funds that were deposited in the debtor's checking account at City National Bank account number xxx5616:

   a. $12,000.00 funds wired transferred into City National Bank account on December 29, 2006;
   b. $32,000.00 funds deposited into City National Bank account on November 21, 2006;
   c. $7,000.00 funds deposited into City National Bank account on November 28, 2006;
   d. $9,356.29 funds deposited into the City National Bank account on November 13, 2006.

To date, the Debtor has not provided the information that was requested.

9. During the 2004 Exam, the Trustee requested a copy of the cancelled check, deposit slip and any further documentation that would explain the source of the $110,000.00 in funds deposited in the debtor's corporate account in Bank of America, account number xx0409 on November 15, 2007. To date, the Debtor has not provided the information that was requested.

10. During the Exam, the debtor testified that on November 16, 2006, she issued a check (#6058) from her account at City National Bank in the amount of $8,500.00 to her husband, Gary Carlson. The Trustee requested any supporting documentation that would explain why these funds were transferred to the Debtor's non-filing husband within 6 months of filing. To date, the Debtor has not provided the information that was requested.

2

11. During the Exam, the debtor testified that on November 27, 2006 she issued check number 6062 in the amount of $35,000.00 from her City National Bank account for the repairs of a '54 Sea Ray boat that had engine problems. The debtor further testified that the '54 Sea Ray was transferred to a neighbor, who took over the payments effective January, 2007. The Trustee requested a copy of the boat registration, any and all transfer documents together with the name and address of the neighbor. To date, the Debtor has not provided the information that was requested.

12. During the Exam, it was discovered that the November bank statement for the debtor's City National Bank account shows a withdrawal of $76,819.78, under check number 20351, issued on October 16, 2006. The Trustee requested the withdrawal slip, copy of the issued check and any further documentation or information regarding the use of these funds. To date, the Debtor has not provided the information that was requested.

13. During the Exam, the debtor testified that there was a written agreement for services with her brother in law, Donald W. Carlson. The Trustee requested a copy of this agreement. To date, the Debtor has not provided the document that was requested.

14. During the 2004 Exam, the Trustee requested a copy of the debtor's personal income tax return for tax year 2006. To date, the Debtor has not provided the document that was requested.

15. During the Exam, the Trustee discovered a limited partnership under the name of Carlson Family, L.P. with a 2005 bank account taxable interest of $1,790.00. The Trustee requested copy of all documents pertaining to this limited partnership including formation and dissolution documents, list of assets, inventory, bank statements, taxes and accounting. In addition, the Trustee requested the last year of bank statements for Marshall

Bank, prior to the account being closed. To date, the Debtor has not provided the documents that were requested.

16. During the Exam, the debtor testified that she sold a rental property located at 2439-41 Chicago Ave. The Trustee requested the closing statement, copies of any checks received at closing and any other documentation regarding the sale of this property. To date, the Debtor has not provided the documents that were requested.

17. The Trustee is requesting an Order of this Court compelling the Debtor to provide all of the documents that were requested as indicated above in paragraphs 6 – 16.

18. The undersigned spoke to the Debtor's attorney on March 3, 2008 prior to filing this motion in an attempt to resolve this matter without Court intervention. The attorney indicated that the debtor will be providing certain documents; however, he acknowledged that due to the pending deadlines at issue, this motion would be filed.

WHEREFORE, Kenneth A. Welt, Trustee requests for the entry of an Order: Directing that the Debtor turnover the documents that were requested as indicated above in paragraphs 6 – 16 to Robert A. Angueira, P.A. at 4770 Hollywood Blvd., Hollywood, Florida 33021 for inspection and copying within 10 days of the date of the Order:

Dated: March 4, 2008

>ROBERT A. ANGUEIRA, P.A.
>2525 S.W. 27th Avenue, Suite 200A
>Miami, Florida 33133
>Tel. (305) 856-5880
>Fax (305) 856-5887
>e-mail rangueir@bellsouth.net
>
>
>By _____
>    ROBERT A. ANGUEIRA
>    Florida Bar No. 0833241

4

Case No.: 07-13423-JKO

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 5th day of March, 2008, to the Debtor.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 4th day of March, 2008, to John C Brock, sobkmail@defaultlawfl.com, Robert F Elgidely, bob@elgidelylawoffice.com, Robert F. Elgidely, relgidely@gjb-law.com, Raymond V Miller, rmiller@gunster.com, vyon@gunster.com, Office of the US Trustee, USTPRegion21.MM.ECF@usdoj.gov, Steven G. Powrozek, spowrozek@logs.com, Kenneth A Welt, court@kawpa.com, fl10@ecfcbis.com, and all other registered users who have appeared on this case.

        ROBERT A. ANGUEIRA, P.A.
        2525 S.W. 27th Avenue, Suite 200A
        Miami, Florida 33133
        Tel. (305) 856-5880
        Fax (305) 856-5887
        e-mail rangueir@bellsouth.net

By _____
   ROBERT A. ANGUEIRA
   Florida Bar No. 0833241