UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE, DIVISION

In re:                                          :        CASE NO.: 07-13423-JKO
                                                :
JULIE ANNE CARLSON,                             :        CHAPTER 7
                                                :
          Debtor.                               :
_____/

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 20 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, KENNETH A. WELT, (hereinafter "the Trustee"), and files this Motion to Approve Stipulation to Compromise Controversy in the above-styled case, and states as follows:

### Underlying facts and circumstances of this case

1.     The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 8, 2007.

2.     Kenneth A. Welt is the duly appointed Chapter 7 Trustee.

3.     During the 2004 Examination, the debtor testified that she held an interest in a checking account with City National Bank, account number xxxx5616 and the Trustee is seeking the over exempt value in the account as of the date of filing.

4.     During the 2004 Examination, the debtor testified that a 2006 Jeep Grand Cherokee Laredo financed by Chase Auto Finance was titled under her name alone and the Trustee is seeking the over exempt value of the automobile.

5.     The debtor listed her miscellaneous household goods on Schedule B, item 4 at $5,000.00 and during the Rule 2004 Examination, she testified that she paid the Atlas moving company $8,000.00 to move her furnishings from Minnesota to Florida and the Trustee is seeking the over exempt value of the household goods.

6.     During the 2004 Examination, the Trustee requested a copy of any cancelled checks, deposit slips and any other documentation that would explain the source of the following funds that were deposited in the debtor's checking account at City National Bank account number xxx5616:

       a.     $12,000.00 funds wired transferred into City National Bank account on December 29, 2006;

       b.     $32,000.00 funds deposited into City National Bank account on November 21, 2006;

       c.     $7,000.00  funds deposited into City National Bank account on November 28, 2006;

       d.     $9,356.29 funds deposited into the City National Bank account on November 13, 2006.

and to date, the Debtor has not provided the complete information that was requested.

7.     During the 2004 Examination, the Trustee requested a copy of the cancelled check, deposit slip and any further documentation that would explain the source of the $110,000.00 funds deposited in the debtor's corporate account in Bank of America, account number  xxxx0409 on November 15, 2007 and to date, the Debtor has not provided the complete information that was requested.

8.     During the 2004 Examination, the debtor also testified that on November 17, 2006, within six months of filing the bankruptcy petition, and two (2) days after the amount of $110,000.00 had been deposited in the corporate account, she transferred $108,000.00 into her account at City National Bank account number xxxx5616 and two (2) days later transferred these funds to her brother in law, Donald W. Carlson and the trustee takes the position that these funds

Case No.: 07-13423-JKO

were transferred without adequate consideration to a family member, within one year of the filing of the petition.

9.      During the 2004 Examination, the debtor testified that on November 16, 2006 she issued a check (#6058) from her account at City National Bank in the amount of $8,500.00 to her husband, Gary Carlson and the trustee takes the position that these funds were transferred without adequate consideration to a family member, within one year of the filing of the petition.

10.      During the 2004 Examination the debtor testified that on November 27, 2006 she issued check number 6062 in the amount of $35,000.00 from her City National Bank account for the repairs of a '54 Sea Ray boat that had engine problems and further testified that the '54 Sea Ray was transferred to a neighbor who took over the payments from January, 2007 and the Trustee requested a copy of the boat registration, any and all transfer documents together with the name and address of the neighbor and to date, the Debtor has not provided the complete information that was requested.

11.      The November bank statement for debtor's City National Bank account shows a withdrawal of $76,819.78, under check number 20351, issued on October 16, 2006 and the Trustee requested the withdrawal slip, copy of the issued check and any further documentation or information regarding the use of these funds and to date, the Debtor has not provided the complete information that was requested.

12.      The Trustee filed a Motion to Compel the Debtor to Turnover Documents (C.P. #78).

13.      The Trustee filed an Objection to Debtor's Claim of Exemptions (C.P. #79).

14.      The Trustee filed an Adversary Proceeding (Case No. 08-01183-JKO) Objecting to Debtor's Discharge.

15.     In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1".

## The actual provisions of the proposed settlement

16.     As part of this settlement, the Debtor has already paid the Trustee a total sum of $52,259.27.

17.     As part of this settlement, the Debtor will keep all the real and personal property listed on the Bankruptcy Schedules.

18.     As part of this settlement, the Trustee's Motion to Compel the Debtor to Turnover Documents (C.P. #78) will be denied as moot in the Order approving this settlement.

19.     As part of this settlement, the Trustee's Objection to Debtor's Claim of Exemptions (C.P. #79) will be denied as moot in the Order approving this settlement.

20.     As part of this settlement, the Trustee's Adversary Proceeding (Case No. 08-01183-JKO) Objecting to Debtor's Discharge will be dismissed as moot in the Order approving this settlement and by separate order entered in the Adversary Proceeding.

21.     As part of this settlement, the Trustee will not pursue any of the potential preference actions that may exist in this case.

22.     The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

23.     The Trustee has accepted this settlement subject to this Court's approval.

24.     Pursuant to Local Rule 9013-1(D), a copy of the proposed Order Granting Trustee's Motion to Approve Stipulation to Compromise Controversy is attached hereto as Exhibit 2. In addition, a copy of the proposed Order Dismissing Complaint as Moot is attached hereto as Exhibit 3.

### DISCUSSION OF THE LEGAL STANDARDS FOR APPROVAL OF SETTLEMENTS AS OUTLINED *IN RE Justice Oaks II, Ltd,* 898 F.2d 1522, 1549 (11th Cir.) *cert denied,* 498 U.S. 959 (1990)

### Factor #1 "The probability of success in litigation"

The Trustee discovered during the Rule 2004 examination of the Debtor that on November 17, 2006, within six months of filing the bankruptcy petition, and two (2) days after the amount of $110,000.00 had been deposited in the corporate account, she transferred $108,000.00 into her account at City National Bank account number xxxx5616 and two (2) days later transferred these funds to her brother in law, Donald W. Carlson and the trustee takes the position that these funds were transferred without adequate consideration to a family member, within one year of the filing of the petition. In addition, during the 2004 Examination, the debtor testified that on November 16, 2006 she issued a check (#6058) from her account at City National Bank in the amount of $8,500.00 to her husband, Gary Carlson and the trustee takes the position that these funds were transferred without adequate consideration to a family member, within one year of the filing of the petition.

The essential facts concerning the transfers to the Debtor's brother in law and husband within one year of filing are not in dispute. Therefore, the Trustee believes that there is a high probability of success if he were to sue the Debtor's brother in law and husband to recover the alleged preferential payments. Although the Trustee believes that the probability of success in litigation in this case is high, there are always risks in any litigation. The Trustee has minimized

Case No.: 07-13423-JKO

these litigation risks by proposing a settlement of $52,259.27. It is noted, that the Debtor has already paid the settlement amount to the Trustee pending the approval by the Court. The proposed settlement ensures that the estate will receive $52,259.27 and eliminates all the potential risks of litigation.

### Factor #2 "The difficulties, if any, to be encountered in the matter of collection"

The Trustee argues that getting $52,259.27 in cleared funds from most Debtors is not a simple task. If the proposed settlement is not approved, the Trustee cannot provide any assurances to the unsecured creditor body that the estate will be able to collect at least $52,259.27 from the Debtor's brother in law and husband in cleared funds as contemplated by the settlement. The Trustee has determined that the Debtor's brother in law and husband are not financially stable and may be judgment proof. However, the proposed settlement moots out any collection difficulties against the Debtor's brother in law and husband because the Debtor has already paid the amount of the settlement in full.

### Factor #3 "The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it"

The underlying facts in this case are not in dispute. However, if this settlement is not approved and the estate has to litigate against the Debtor, her brother in law and her husband, there would be additional expenses, inconvenience and delay necessarily attending it. The Trustee argues that if this settlement is not approved, the estate would have to continue prosecute the adversary case that has been filed against the Debtor (Adversary Case number 08-01183-JKO). In addition, the estate would have to file an adversary proceeding against the Debtor's brother in law and her husband. This would result in further litigation and the additional expense, inconvenience and delay necessarily attending it. In addition, the Trustee argues that it appears

Case No.: 07-13423-JKO

that there would be no monetary net gain to the creditors even if the Trustee were to win because the collection of any judgments obtained would be difficult at best.

### Factor #4 "The paramount interest of the creditors and proper deference to their reasonable views in the premises"

The Trustee argues that the proposed settlement is in the best interest of all the unsecured creditors based on the facts and circumstances of this case. As note herein, the Trustee has already filed the following pleadings:

- Motion to Compel the Debtor to Turnover Documents (C.P. #78);
- Objection to Debtor's Claim of Exemptions (C.P. #79); and
- Adversary Proceeding (Case No. 08-01183-JKO) Objecting to Debtor's Discharge.

The proposed settlement has brought $52,259.27 into the estate. If this settlement is not approved, the unsecured creditors could end up with substantially less of a distribution than they are scheduled to receive if the settlement is approved. Therefore, the Trustee argues that the paramount interest of the creditors would be best served if this settlement is approved as requested.

### Conclusion

Based on the standards established by *Justice Oaks II* and the specific facts and circumstances of this case, the Trustee argues that $52,259.27 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

Case No.: 07-13423-JKO

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 24th day of June, 2008.

ROBERT A. ANGUEIRA, P.A.
Attorney for Trustee
2525 S.W. 27th Avenue, Suite 200A
Miami, Florida 33133
Tel. (305) 856-5880
Fax (305) 856-5887
e-mail rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 07-13423-JKO |
| | : | |
| JULIE ANNE CARLSON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | / | |

## <u>STIPULATION TO COMPROMISE CONTROVERSY</u>

This Stipulation is entered into between Kenneth A. Welt ("Trustee"), and the Debtor, on this 27th day of May, 2008.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 8, 2007;

WHEREAS, Kenneth A. Welt is the duly appointed Chapter 7 Trustee;

WHEREAS, during the 2004 Examination, the debtor testified that she held an interest in a checking account with City National Bank, account number xxxx5616 and the Trustee is seeking the over exempt value in the account as of the date of filing;

WHEREAS, during the 2004 Examination, the debtor testified that a 2006 Jeep Grand Cherokee Laredo financed by Chase Auto Finance was titled under her name alone and the Trustee is seeking the over exempt value of the automobile;

WHEREAS, the debtor listed her miscellaneous household goods on Schedule B, item 4 at $5,000.00 and during the Rule 2004 Examination, she testified that she paid the Atlas moving company $8,000.00 to move her furnishings from Minnesota to Florida and the Trustee is seeking the over exempt value of the household goods;

WHEREAS, during the 2004 Examination, the Trustee requested a copy of any cancelled checks, deposit slips and any other documentation that would explain the source of the following



funds that were deposited in the debtor's checking account at City National Bank account

number xxx5616:

1. $12,000.00 funds wired transferred into City National Bank account on December 29, 2006;
2. $32,000.00 funds deposited into City National Bank account on November 21, 2006;
3. $7,000.00  funds deposited into City National Bank account on November 28, 2006;
4. $9,356.29 funds deposited into the City National Bank account on November 13, 2006.

and to date, the Debtor has not provided the complete information that was requested;

WHEREAS, during the 2004 Examination, the Trustee requested a copy of the cancelled

check, deposit slip and any further documentation that would explain the source of the

$110,000.00 funds deposited in the debtor's corporate account in Bank of America, account

number  xxxx0409 on November 15, 2007 and to date, the Debtor has not provided the complete

information that was requested.

WHEREAS, during the 2004 Examination, the debtor also testified that on November 17,

2006, within six months of filing the bankruptcy petition, and two (2) days after the amount of

$110,000.00 had been deposited in the corporate account, she transferred $108,000.00 into her

account at City National Bank account number xxxx5616 and two (2) days later transferred these

funds to her brother in law, Donald W. Carlson and the trustee takes the position that these funds

were transferred without adequate consideration to a family member, within one year of the

filing of the petition;

WHEREAS, during the 2004 Examination, the debtor testified that on November 16,

2006 she issued a check (#6058) from her account at City National Bank in the amount of

$8,500.00 to her husband, Gary Carlson and the trustee takes the position that these funds were

2

transferred without adequate consideration to a family member, within one year of the filing of the petition;

WHEREAS, during the 2004 Examination the debtor testified that on November 27, 2006 she issued check number 6062 in the amount of $35,000.00 from her City National Bank account for the repairs of a '54 Sea Ray boat that had engine problems and further testified that the '54 Sea Ray was transferred to a neighbor who took over the payments from January, 2007 and the Trustee requested a copy of the boat registration, any and all transfer documents together with the name and address of the neighbor and to date, the Debtor has not provided the complete information that was requested;

WHEREAS, the November bank statement for debtor's City National Bank account shows a withdrawal of $76,819.78, under check number 20351, issued on October 16, 2006 and the Trustee requested the withdrawal slip, copy of the issued check and any further documentation or information regarding the use of these funds and to date, the Debtor has not provided the complete information that was requested;

WHEREAS, the Trustee filed a Motion to Compel the Debtor to Turnover Documents (C.P. #78) which is set for hearing on June 3, 2008 (C.P. #96);

WHEREAS, the Trustee filed an Objection to Debtor's Claim of Exemptions (C.P. #79) which is set for hearing on June 3, 2008 (C.P. #96);

WHEREAS, the Trustee filed an Adversary Proceeding (Case No. 08-01183-JKO) Objecting to Debtor's Discharge which the Debtor has until June 1, 2008 to respond (Adv. C.P. #11);

WHEREAS, the Debtor denies and/or disputes most of the allegations noted above;

3

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.      The aforementioned recitals are true and correct.

2.      As part of this settlement, the Debtor has already paid the Trustee a total sum of $52,259.27.

3.      As part of this settlement, the Debtor will keep all the real and personal property listed on the Bankruptcy Schedules.

4.      As part of this settlement, the Trustee's Motion to Compel the Debtor to Turnover Documents (C.P. #78) will be denied as moot in the Order approving this settlement.

5.      As part of this settlement, the Trustee's Objection to Debtor's Claim of Exemptions (C.P. #79) will be denied as moot in the Order approving this settlement.

6.      As part of this settlement, the Trustee's Adversary Proceeding (Case No. 08-01183-JKO) Objecting to Debtor's Discharge will be denied as moot in the Order approving this settlement and by separate order entered in the Adversary Proceeding.

7.      As part of this settlement, the Trustee will not pursue any of the potential preference actions that may exist in this case.

4

Case No.: 07-13423-JKO

8.      This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

9.      The Trustee has accepted this settlement subject to this Court's approval.

10.     All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

11.     Time is of the essence as to all deadlines within this stipulation.

12.     This agreement represents the full and complete understanding of the parties.

13.     The Trustee believes that this agreement is in the best interest of the estate.

14.     This agreement may be signed in counterparts.

15.     The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.


JULIE ANNE CARLSON , DEBTOR          DATE    5/31/08


KENNETH A. WELT, TRUSTEE          DATE

5

8.      This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

9.      The Trustee has accepted this settlement subject to this Court's approval.

10.      All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

11.      Time is of the essence as to all deadlines within this stipulation.

12.      This agreement represents the full and complete understanding of the parties.

13.      The Trustee believes that this agreement is in the best interest of the estate.

14.      This agreement may be signed in counterparts.

15.      The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____
JULIE ANNE CARLSON , DEBTOR          DATE

**Kenneth A. Welt**

Digitally signed by Kenneth A. Welt
DN: cn=Kenneth A. Welt, o, ou=United States Bankruptcy Trustee, email=kaw@kawpa.com, c=US
Date: 2008.06.24 07:29:24 -04'00'

_____
KENNETH A. WELT, TRUSTEE          DATE

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE, DIVISION)

In re:                                          :        CASE NO.: 07-13423-JKO
                                                :
JULIE ANNE CARLSON,                             :        CHAPTER 7
                                                :
        Debtor.                                 :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is GRANTED and the settlement is APPROVED.

EXHIBIT

2

2.      The Debtor has already paid the Trustee a total sum of $52,259.27.

3.      The Debtor will keep all the real and personal property listed on the Bankruptcy Schedules.

4.      The Trustee's Motion to Compel the Debtor to Turnover Documents (C.P. #78) is DENIED AS MOOT.

5.      The Trustee's Objection to Debtor's Claim of Exemptions (C.P. #79) is DENIED AS MOOT.

6.      Adversary Proceeding (Case No. 08-01183-JKO) is DISMISSED AS MOOT.

7.      As part of this settlement, the Trustee will not pursue any of the potential preference actions that may exist in this case.

8.      This settlement resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

9.      The settlement proceeds of $52,259.27 are allocated to potential preferential transfers.

10.     The Court retains jurisdiction to enforce the terms of this settlement.

### ###

Submitted by:
ROBERT A. ANGUEIRA, P.A.
Robert A. Angueira, Esq.
4770 Hollywood Blvd.
Hollywood, FL 33021
954/961-9989 (Tel)
954-961-9919 (Fax)
e-mail: rangueir@bellsouth.net
Copies furnished to:
Robert A. Angueira, Esq.
*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee, U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming such service.)*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE, DIVISION)

In re:                                          :        CASE NO.: 07-13423-JKO
                                                :
JULIE ANNE CARLSON,                             :        CHAPTER 7
                                                :
        Debtor.                                 :
_____/              Adversary Proceeding No.:08-01183-JKO

KENNETH A. WELT, Trustee in
Bankruptcy for Julie Anne Carlson,

        Plaintiff,
vs.

JULIE ANNE CARLSON

        Defendant.
_____/

## ORDER DISMISSING COMPLAINT AS MOOT

THIS MATTER came to the Court in the main case on the Chapter 7 Trustee's Motion to

Approve Stipulation to Compromise Controversy (C.P. #xx) (hereinafter "the Motion"), on notice

to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and

EXHIBIT
3

the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the file, the

Motion and the Trustee's counsel's Certificate Of No Response, good cause having been shown,

and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that based in the settlement entered in the main case, this

Adversary Proceeding is **DISMISSED AS MOOT**.

###

Submitted by:
ROBERT A. ANGUEIRA, P.A.

Robert A. Angueira, Esq.
4770 Hollywood Blvd.
Hollywood, FL 33021
954/961-9989 (Tel)
954-961-9919 (Fax)
e-mail: rangueir@bellsouth.net

Copies furnished to:
Robert A. Angueira, Esq.
*(Attorney Robert Angueira is directed to serve copies of this Order upon the Debtor, Debtor's attorney, Trustee,
U.S. Trustee and all parties who have requested notice, and to file a Certificate of Service with the Court confirming
such service.)*

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 25th day of June, 2008 to all parties on the enclosed Mailing Matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 24th day of June 2008, to:

- John C Brock    sobkmail@defaultlawfl.com
- Robert F Elgidely    relgidely@gjb-law.com
- Robert F. Elgidely    relgidely@gjb-law.com, sanderson@gjb-law.com;ekelly@gjb-law.com ; GJBecf@gjb-law.com
- David E. Hicks    courtinfo@bcylaw.com
- Raymond V Miller    rmiller@gunster.com, vyon@gunster.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Steven G. Powrozek    spowrozek@logs.com
- Kenneth A Welt    court@kawpa.com, fl10@ecfcbis.com

ROBERT A. ANGUEIRA, P.A.
2525 S.W. 27th Avenue, Suite 200A
Miami, Florida 33133
Tel. (305) 856-5880
Fax (305) 856-5887
e-mail rangueir@bellsouth.net

By _____
ROBERT A. ANGUEIRA
Florida Bar No. 0833241

Label Matrix for local noticing
113C-0
Case 07-13423-JKO
Southern District of Florida
Fort Lauderdale
Tue Jun 24 19:32:08 EDT 2008

Associated Bank, NA
c/o D. Charles Macdonald
2200 Wells Fargo Center
90 South Seventh St
Minneapolis, MN 55402-3903

Chase Home Finance, LLC
P.O. Box 25018
Tampa, FL 33622-5018

JPMorgan Chase Bank, N.A.
c/o David E Hicks
POB 707
Tampa, FL 33601-0707

~~Office of the US Trustee~~
~~51 SW 1st Ave~~
~~Suite 1204~~
~~Miami, FL 33130-1614~~

Washington Mutual Bank
c/o Shapiro and Fishman
10004 N Dale Mabry Hwy, Suite 112
Tampa, Fl 33618-4421

American Express
P.O. Box 360002
Ft. Lauderdale, FL  33336-0002

Anderson Lawn
5605 Town Hall Drive
Greenfield, MN 55357-9660

Associated Bank
1305 Main Street
Stevens Point, WI 54481-2898

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Broward County Revenue Collector
115 South Andrews Avenue, #A100
Ft. Lauderdale, FL  33336-0002

Brunberg Blatt & Co.
5500 Wayzata Boulevard, # 600
Golden Valley, MN 55416-3576

Capital One Bank
P.O. Box 650007
Dallas, TX  75265-0007

CenterPoint Energy
P.O. Box 1144
Minneapolis, MN  55440-1144

Chase Auto Finance
P.O. Box 9001083
Louisville, KY  40290-1083

Chase Home Finance, LLC
P.O. Box 24696
Columbus, OH  43224-0696

Chubb & Son
202 Hall's Mill Road
P.O. Box 1600
Whitehouse Station, NJ 08889-1600

City of Edina
4801 West 50th Street
Edina, MN 55424-1394

City of Ft. Lauderdale
100 North Andrews Avenue
Ft. Lauderdale, FL  33301-1085

Florida Power & Light
General Mail Facility
Miami, FL  33188-0001

Galt Funding
250 Marquette Avenue, # 210
Minneapolis, MN 55401-2183

Hellmuth & Johnson
10400 Viking Drive, # 500
Eden Prairie, MN 55344-7264

Hennepin County Treasurer
A600 Government Center
Minneapolis, MN 55487-0001

Home Depot
Processing Center
Des Moines, IA 50364-0500

MGM Pools Service
P.O. Box 880623
Boca Raton, FL 33488-0623

Marshall Bank
225 South 6th Street, # 2900
Minneapolis, MN 55402-4609

National City Bank
P.O. Box 5570
Cleveland, OH  44101-0570

Orkin Pest Control
1040 S.W. 12th Avenue
Pompano Beach, FL  33069-4613

Qwest
P.O. Box 17360
Denver, CO  80217-0360

Stein & Moore, P.A.
332 Minnesota Street, Suite W-1650
Saint Paul, MN 55101-1336

Vines Lawn & Snow
P.O. Box 20062
Bloomington, MN  55420-0062

Warrick's Lawn & Landscaping
1512 South Dixie Highway
Pompano Beach, FL 33060-8911

Washington County Bank
2520 White Bear Avenue
Maplewood, MN 55109-5182


Washington Mutual
P.O. Box 44016
JAXA2000
Jacksonville, FL  32231-4016

Julie Anne Carlson
2841 NE 36 St
Ft Lauderdale, FL 33308-5817

~~Kenneth A Welt~~
~~www.trustcowelt.com~~
~~3790 N 20 Terrace~~
~~Hollywood, FL 33020-1112~~


~~Robert P. Blgidely Esq.~~
~~100 SE 2 St 44 Floor~~
~~Miami, FL 33131-2100~~


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


BMW Financial
Customer Service Center
P.O. Box 3608
Dublin, OH  43016-0306


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Orkin Pest Control
1040 S.W. 12th Avenue
Pompano Beach, FL 33069-4613

End of Label Matrix
Mailable recipients    36
Bypassed recipients     1
Total                  37